[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-2006

CHAMPION PRODUCTS INC.,

Plaintiff, Appellee,

v.

ARTINE ASDOURIAN, ETC., ET AL.,

Defendants, Appellees.


BENTON SILVER, d/b/a Variety Wholesalers,
Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Steven R. Whitman on brief for appellant. 
Mark Schonfeld, Nicholas J. Psyhogeos, and Sherburne, Powers & 
Needham, P.C. on brief for appellee Champion Products Inc. 



December 16, 1997


Per Curiam. We have reviewed the record on appeal and 

the submissions of the parties. Appellant Benton Silver

("Silver") conceded liability under the Lanham Act, 15 U.S.C.

1051 et seq., and now challenges the court's calculation 

of damages and attorney's fees against him. We find no abuse

of discretion in the calculation of damages. See 15 U.S.C.  

1117(a). Where an award based on profits would be

inadequate, "the court may in its discretion enter judgment

for such sum as the court shall find to be just, according to

the circumstances of the case." 15 U.S.C. 1117(a). Where

a defendant has acted fraudulently and/or "palmed off"

inferior goods, the court may assess damages based on an

unjust enrichment or deterrence theory. Aktiebolaget 

Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5 (1st Cir. 

1993).

We also review cost and attorney's fees awards for abuse

of discretion. Volkswagenwerk Aktiengesellschaft v. 

Wheeler, 814 F.2d 812, 821 (1st Cir. 1987). The affidavit 

and documentation supporting the request for attorney's fees

here provided no detailed, contemporaneous time records, as

required by Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 

(1st Cir. 1984). Since we have not applied the Grendel's Den 

standard in any previous Lanham Act case, we will not reduce

or disallow the fee award, as that case recommends. Instead,

we remand to the district court, with instructions to provide

-2-

plaintiff an opportunity to submit detailed, contemporaneous

time records. To the extent possible, plaintiff's

submissions should identify attorney time expended while

pursuing the claim against Silver. Silver should be given an

opportunity to respond to plaintiff's submissions.

Affirmed in part, vacated in part, and remanded for 

further proceedings consistent with this opinion. 

-3-